**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br>Jointly Administered |
| WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AARON R. ANDREW; PARAMOUNT FINANCIAL SERVICES, INC., D/B/A LIVE ABUNDANT,<br><br>Defendants. | Adv. Proc. No. 19-50186 (BLS) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AARON R. ANDREW

Defendant Aaron R. Andrew ("Defendant") by and through undersigned counsel, hereby answers plaintiff Woodbridge Liquidation Trust's ("Plaintiff") Complaint and asserts his affirmative defenses. All allegations not expressly admitted herein are denied.

## NATURE OF THE ACTION

1. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

2. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

3. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

4. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

5. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

6. Admit.

## THE PARTIES

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit that defendant Paramount Financial Services, Inc., D/B/A Live Abundant is a Utah corporation. Defendant denies the remaining allegations set forth in this paragraph.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15. Admit.

16. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

17. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

18. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

19. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

**FIRST CLAIM FOR RELIEF (AGAINST ANDREW ONLY)**
**Avoidance and Recovery of Preferential Transfers**

20. Defendant incorporates his responses to the allegations in paragraphs 1-19 of the Complaint as if set forth herein.

21. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

22. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

23. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

24. Deny.

**SECOND CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)**

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

25. Defendant incorporates his responses to the allegations in paragraphs 1-24 of the Complaint as if set forth herein.

26. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

27. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

28. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

29. Deny.

## THIRD CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

30. Defendant incorporates his responses to the allegations in paragraphs 1-29 of the Complaint as if set forth herein.

31. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

32. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

33. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

34. Deny.

## FOURTH CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)

**Avoidance and Recovery of Actual Intent Voidable Transactions – State Law**

35. Defendant incorporates his responses to the allegations in paragraphs 1-34 of the Complaint as if set forth herein.

36. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

37. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

38. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

39. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

40. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

41. Deny.

**<u>FIFTH CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)</u>**
**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

42. Defendant incorporates his responses to the allegations in paragraphs 1-41 of the Complaint as if set forth herein.

43. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

44. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

45. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

46. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

47. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

48. Deny.

**<u>SIXTH CLAIM FOR RELIEF (AGAINST ANDREW ONLY)</u>**
**Objection to Claims (Bankruptcy Code Section 502(d))**

49. Defendant incorporates his responses to the allegations in paragraphs 1-48 of the Complaint as if set forth herein.

50. Deny.

51. Deny.

**SEVENTH CLAIM FOR RELIEF (AGAINST ALL DEFENDANTS)**
**Equitable Subordination of Claims**

52. Defendant incorporates his responses to the allegations in paragraphs 1-51 of the Complaint as if set forth herein.

53. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

54. Defendant lacks sufficient knowledge or information to respond to the allegations in this paragraph and therefore denies the same.

55. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in this paragraph are denied.

56. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in this paragraph are denied.

57. Deny.

58. Defendant reserves the right to amend the responses to the factual allegations set forth in the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

59. The Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

60. The claims set forth in the Complaint are barred in whole or in part under the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

61. The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

62. The obligations incurred by the Debtors were incurred in the ordinary course of business.

**FIFTH AFFIRMATIVE DEFENSE**

63. Any transfer made by the Debtors is protected from avoidance under the "subsequent new value" defense under section 547(c)(4) of the Bankruptcy Code.

**SIXTH AFFIRMATIVE DEFENSE**

64. Any transfer made by the Debtors was made in exchange for reasonably equivalent consideration and/or supported by valuable consideration.

**SEVENTH AFFIRMATIVE DEFENSE**

65. During no time was Defendant an insider of the Debtors.

**EIGHTH AFFIRMATIVE DEFENSE**

66. At all relevant times, Debtors were not insolvent.

**NINTH AFFIRMATIVE DEFENSE**

67. The Debtors were not rendered insolvent as a result of any of the alleged transfers/payments described in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

68. Any transfer alleged in the Complaint was made to Defendant in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**ELEVENTH AFFIRMATIVE DEFENSE**

69. To the extent Defendant pays Plaintiff any money alleged due as an avoidable transfer, Defendant is entitled to file a claim in the amount of such payment under 11 U.S.C. § 502(h).

**TWELFTH AFFIRMATIVE DEFENSE**

70. Defendant hereby adopts and incorporates by reference any other affirmative defense asserted by other defendants in this action to the extent that such defenses are applicable to the claims asserted against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

71. Defendant either did not receive the payments the Complaint alleges or received payments in a significantly lower amount than alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

72. Defendant reserves all rights of setoff and recoupment, including without limitation, any pre-petition and post-petition goods and services provided to the Debtors for which payment has not been made or for any distributions owing to Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

73. Defendant reserves the right to assert other affirmative defenses as this action proceeds and they become known to Defendant. Defendant reserves the right to amend this Answer in order to assert such additional affirmative defenses.

## RULE 7012-1 STATEMENT

In accordance with Local Rule 7012-1, Defendant does not consent to the entry of final orders or judgment by this Court.

Dated: June 28, 2019
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
R. Stephen McNeill (DE Bar No. 5210)
D. Ryan Slaugh (DE Bar No. 6325)
1313 North Market Street, Sixth Floor
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

**PIA ANDERSON MOSS HOYT**
Anthony M. Grover, Esq. (*Admitted pro hac vice*)
136 E. South Temple, Nineteenth Floor
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Counsel to Aaron R. Andrew*